IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| DAVID TYRON JONES, ) | |
|     Plaintiff, ) | |
| vs. ) | Civil No. 13-2066-JDT/tmp |
| MEMPHIS POLICE DEPARTMENT, ) SHELBY COUNTY, CITY OF MEMPHIS, ) and STATE OF ARKANSAS, ) | |
|     Defendants. ) | |

---

### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMISSAL

---

On January 31, 2013, plaintiff David Tyron Jones, a resident of Memphis, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, accompanied by a motion seeking leave to proceed *in forma pauperis*. (ECF No. 1 & 2.) In an order issued on February 1, 2013, the court granted leave to proceed *in forma pauperis*. (ECF No. 3.) On March 27, 2013, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Reference, ECF No. 6.) The allegations in the complaint, in their entirety, are as follows:

> Plaintiff alleges that Memphis Police Department, Tony Armstrong, City of Memphis, Shelby County and State of Arkansas are scheduling Americans to die in our county jails, government hospitals, homeless shelters, from gang control, terrorism, cannibalism fights and killing Americans on fixed income such as SSI, food stamps, and medicare.

(ECF No. 1). In his prayer for relief, Jones ask to "set this case for jury [trial]."

The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair

notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975)); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that

responsibility does not encompass advising litigants as to what legal theories they should pursue.").

It is submitted that the complaint should be dismissed on (at least) two separate grounds. First, Jones's complaint should be dismissed on *res judicata* grounds, based on his prior lawsuit that was recently dismissed. Jones v. Memphis Police, et al., 12-2215-JDT-tmp (W.D. Tenn. 2012) (hereinafter "Jones I"). Jones filed his complaint in Jones I on March 14, 2012, raising the same claims against the same defendants named in the current action.[1] On January 30, 2013, the District Judge entered an order dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2) and certifying that any appeal would not be taken in good faith. On February 4, 2013, the court entered judgment for the defendants. Jones did not file an appeal. This court has noted that the doctrine of *res judicata* bars subsequent claims by parties or their privies based on the same cause of action. Trent v. Shelby Cnty. Gov't, No. 2:08-cv-2797-JPM-cgc, 2009 WL 6066974, at *1 (W.D. Tenn. Jul. 30, 2009) (citing Rivers v. Bariton Bd. of Educ., 143 F.3d 1029, 1031 (6th Cir. 1998) and Cane v. Magna Mixer Co., 71 F.3d 555, 560 (6th Cir. 1995)). For *res judicata* to apply, the following elements must be satisfied: "1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their privies; 3) an issue in a subsequent action which was litigated or which should have been litigated in the prior

---

[1] Jones sued other defendants in Jones I, who are not named as defendants in the instant case.

action; and 4) an identity of the causes of action." Id. Here, because all four elements are satisfied, the instant complaint should be dismissed.

Second, Jones lacks standing to bring his claims. The constitutional and prudential components of standing must be satisfied before a litigant may seek redress in a federal court. Hill v. Pa. Dep't of Corr., No. 13-1066, 2013 WL 1320413, at *1 (3d Cir. Apr. 3, 2013). "Three components comprise the 'irreducible constitutional minimum of standing': an 'injury in fact' that is concrete and particularized and actual or imminent; a causal connection between the injury and the complained-of conduct; and a likely, not speculative, redressability of the injury through a favorable decision." Id. (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). "Prudential standing requires, inter alia, that a litigant assert his or her own legal rights and not rely on the rights or interests of third parties." Id. (citing Warth v. Seldin, 422 U.S. 490, 499 (1975)). As far as the court can tell, Jones has not claimed any injury in fact that is actual or imminent, nor has he alleged a connection between any such injury and misconduct by any of the defendants. Instead, he apparently seeks to assert the legal rights of others. Because Jones lacks standing to sue, the complaint should be dismissed on this basis as well.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

<u>August 29, 2013</u>
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, A PARTY MAY SERVE AND FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. A PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. FED. R. CIV. P. 72(b)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**