IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID TYRON JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| VS. ) | No. 13-2066-JDT-tmp |
| ) | |
| ) | |
| MEMPHIS POLICE DEPARTMENT, ) | |
| ET AL., ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff David Tyron Jones filed a *pro se* civil complaint on May 20, 2013, and a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis*. (D.E. 3.)[1] On August 29, 2013, Magistrate Judge Tu M. Pham issued a Report and Recommendation in which he recommended that the case be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B). (D.E. 8.) Objections to that Report and Recommendation were due within 14 days. *See* Fed. R. Civ. P. 72(b)(2). However, on September 9, 2013, the copy of the Report and

---

[1] On March 27, 2013, the case was referred to the assigned U.S. Magistrate Judge for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate. (D.E. 6.)

Recommendation sent to Plaintiff at his current address of record was returned as undeliverable. (D.E. 9.)[2]

Plaintiff's complaint alleges:

> Plaintiff alleges that Memphis Police Department, Tony Armstrong, City of Memphis, Shelby County and State of Arkansas are scheduling Americans to die in our county jails, government hospitals, homeless shelters, from gang control, terrorism, cannibalism fights and killing Americans on fixed income such as SSI, food stamps, and medicare.

(D.E. 1 at 2.)[3] The Magistrate Judge has recommended that the complaint be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because it fails to state a claim on which relief may be granted.

The Court has reviewed the complaint and the law and agrees with the Magistrate Judge's conclusion. The complaint is barred by the doctrine of res judicata and Plaintiff's lack of standing. Furthermore, the allegations are "clearly baseless," "fanciful," "fantastic," or "delusional." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). Therefore, the Court ADOPTS the Report and Recommendation and DISMISSES this case as frivolous and for failure to state a claim on which relief may be granted, pursuant to § 1915(e)(2)(B)(i)-(ii).

---

[2] Plaintiff's current whereabouts are unknown. In another of his pending cases, Jones v. Western Mental Health, No. 13-1180-JDT-egb (W.D. Tenn. filed June 12, 2013), the Clerk received a letter from Jones on July 25, 2013. (Id., D.E. 6). The envelope listed his return address as the Middle Tennessee Mental Health Institute in Nashville, Tennessee. (Id., D.E. 6-1.) However, a document subsequently mailed to Plaintiff at that address also was returned as undeliverable on August 19, 2013. (Id., D.E. 7.)

[3] Plaintiff has filed other similar cases in this Court. See Jones v. Western Mental Health, supra n. 2; Jones v. Crittenden Cnty. Jail Admin. and Staff, No. 09-2798-JDT-dkv (W.D. Tenn. Jan. 22, 2010) (transferred to the Eastern District of Arkansas); Jones v. Shelby Cnty., No. 03-2247-Ml/A (W.D. Tenn. June 23, 2003) (dismissed for failure to state a claim); Jones v. Boyce, No. 00-3195-D/V (W.D. Tenn. Feb. 5, 2001) (dismissed as frivolous); Jones v. Boyce, No. 00-2400-D/A (W.D. Tenn. June 5, 2000) (dismissed as frivolous).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as frivolous and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, he must also pay the

full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[4]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[4] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless he is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.